## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

------------------------------------------------------------------------x
)
Vani MAHOBIA and                                                       )
)
Amit THAWAIT,                                                          )
)
              PLAINTIFFS,                        )     Case No: 18 cv _____
)
    v.                                                               )
)
R. ALEXANDER ACOSTA, in his official capacity                          )
as Secretary of Labor;                                                 )
)
BOARD OF ALIEN LABOR CERTIFICATION                                     )
APPEALS; and                                                           )
)
UNITED STATES OF AMERICA,                                              )
)
              DEFENDANTS.                        )
)
------------------------------------------------------------------------x

**COMPLAINT UNDER THE ADMINISTRATIVE PROCEDURE ACT**

      Plaintiffs Vani Mahobia and Amit Thawait, through their undersigned counsel, allege, upon information and belief, as follows:

### I.    INTRODUCTION

1. This is a civil action brought by Plaintiffs, Vani Mahobia and Amit Thawait, to hold unlawful and set aside the denial of the Form ETA 9089 Application for Permanent Employment Certification (the "Form ETA 9089") filed by Smallarc, Inc. ("Smallarc"), on behalf of Plaintiff Vani Mahobia, ETA Case No. A-09170-51262, BALCA Case No. 2012-PER-00163.

2. The Form ETA 9089 was denied by the Certifying Officer of the Department of Labor, and the denial upheld by the Board of Alien Labor Certification Appeals ("BALCA"), based on a typographical error which could have been readily detected by reference to multiple other parts of the application giving the same information without the typographical error.  A copy of the initial denial decision by the Certifying Officer is provided as **Exhibit A** to this Complaint, a copy of the Certifying Officer's denial on

reconsideration is provided as **Exhibit B** to this Complaint, and a copy of the BALCA decision upholding the denial is provided as **Exhibit C** to this Complaint.

## II.     JURISDICTION

3. This Court has jurisdiction over this action under 28 U.S.C. § 1331, in conjunction with the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702-706, and the Immigration & Nationality Act ("INA"), 8 U.S.C. § 1101, *et seq*.

4. Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the APA, 5 U.S.C. §§ 702-706, as well as the INA, 8 U.S.C. § 1101, *et seq*.

5. The jurisdiction-conferring provision of the APA provides as follows:

   An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. *The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States . . .*

5 U.S.C. § 702 (emphasis added).

## III.     VENUE

6. Venue is proper under 28 U.S.C. § 1391(e)(1)(A) and (B) because a defendant resides in this district and a substantial part of the events giving rise to the claim occurred in this district.  As discussed further below, the administratively final decision denying the application for labor certification in question in this case was issued by BALCA, which is located in Washington, D.C., where BALCA resides, and where defendant R. Alexander Acosta may also reside.

## IV.     PARTIES

7. Plaintiff Vani Mahobia is a citizen of India currently residing in the United States in H-1B nonimmigrant status.  She was the beneficiary of the Form ETA 9089 filed by Smallarc with ETA Case No. A-09170-51262.  If approved, that Form ETA 9089 could have been, and still could be, the basis for an I-140 Immigrant Petition for Alien Worker to be filed by Smallarc on Ms. Mahobia's behalf.  Smallarc continues to be interested in filing such an I-140 Immigrant Petition for Alien Worker on Ms. Mahobia's behalf.  Such an I-140 petition, in turn, could be the basis for Ms. Mahobia to obtain lawful permanent resident status.  Ms. Mahobia is a proper plaintiff for bringing suit against Defendants for their denial of the application for labor certification filed on her behalf.

8. Plaintiff Amit Thawait is the spouse of Ms. Mahobia, also currently residing in the United States in H-1B nonimmigrant status. If Ms. Mahobia were to have an approved labor certification on her behalf and were able to seek lawful permanent resident status on that basis, Mr. Thawait would "be entitled to the same status, and the same order of consideration provided in the respective subsection, if accompanying or following to join, the spouse or parent." INA § 203(d), 8 U.S.C. § 1153(d). Thus, Mr. Thawait has an interest in the approval of the application for labor certification filed on behalf of Ms. Mahobia, and is also is a proper plaintiff for bringing suit against Defendants for their denial of the application for labor certification filed on her behalf.

9. Defendant R. Alexander Acosta is sued in his official capacity as the Secretary of Labor. Defendant Acosta is a proper defendant as he has jurisdiction over the application for labor certification filed on behalf of Ms. Mahobia, pursuant to INA § 212(a)(5)(A)(i), 8 U.S.C. § 1182(a)(5)(A)(i).

10. Defendant Board of Alien Labor Certification Appeals (BALCA) is the component of the Department of Labor that made the final ruling denying the application for labor certification filed on behalf of Plaintiff Mahobia.

11. The United States of America is a proper defendant in this action pursuant to 5 U.S.C. § 702, as explained in paragraph 5 above.

## V. FACTS

12. On July 15, 2009, Smallarc filed a Form ETA 9089 Application for Permanent Employment Certification with the Department of Labor ("the Form ETA 9089"), seeking labor certification for its job offer to Ms. Mahobia pursuant to 20 C.F.R. § 656.10 *et seq*. A copy of the Form ETA-9089 is attached as **Exhibit D**.

13. At Part C. of the Form ETA 9089, entitled "Employer Information (Headquarters or main office)", the location of the employer was given as: "SMALLARC, INC.[,] 22 MERIDIAN RD[,] SUITE 19[,] EDISON[,] NJ[,] UNITED STATES OF AMERICA 08820." That is, the "Address 1" was given as "22 MERIDIAN ROAD"; the "Address 2" was "SUITE 19"; the "City" was "EDISON"; the "State/Province" was given as "NJ"; the "Country" was given as "UNITED STATES OF AMERICA"; and the "Postal code" was given as "08820". **Exhibit D** at 1.

14. At Part D. of the Form ETA 9089, the "Employer Contact Information" again included the address: "22 MERIDIAN RD[,]  SUITE 19[,] EDISON[,] NJ[,] UNITED STATES OF AMERICA 08820." **Exhibit D** at 1.

15. At Part H. of the Form ETA 9089, in the section for "Job Opportunity Information (Where work will be performed)", as the result of an inadvertent error, the address of the job opportunity was given as "SmallArc, Inc.[,] 22 Meridian Road[,] Suite# 19[,] NJ[,] 08820." The "Address 1" field was completed with the company name, while "Address 2" read "22 Meridian Road", and the suite number, "Suite# 19", was placed in the field

that was meant to be for the "City". The address was otherwise substantively identical to that given at Part C. and D. of the Form ETA-9089. **Exhibit D** at 2.

16. At Part K., "Alien Job Experience", of the Form ETA 9089, the same information regarding the location of SmallArc., Inc., where Ms. Mahobia was then employed, was again given without the typographical error. At "Job 1" of Part K, it was recited that the "Employer name" was "SmallArc, Inc."; that the "Address 1" was "22 Meridian Road"; that the "Address 2" was "Suite# 19"; that the "City" was "Edison"; that the "State/Province" was "NJ"; that the "Country" was "UNITED STATES OF AMERICA"; and that the "Postal code" was "08820". **Exhibit D** at 6.

17. Any reasonable person reading the Form ETA 9089 would or should have known that the reference to "Suite# 19" as the "City" of the job opportunity at Part H. of the Form ETA 9089 was an inadvertent error akin to a typographical error, given the otherwise identical address presented at Part C., Part D., and Part K, and the fact that "Suite# 19" is clearly not a "City".

18. The Form ETA 9089 was completed and filed electronically through the website of the Department of Labor. Although certain other portions of the web form are designed to provide automated warnings when impermissible answers are given, no automated warning indicated in this instance that an entry for a "City" should not contain a "#" character or a number. It would have been technically feasible to designate the "City" field in Part H as a field that should contain only letters, and to provide an automated warning when a special character or numeral was placed in the field. If such a warning had been provided, the entry of "Suite# 19" for "City" could have been corrected before final submission of the Form ETA 9089.

19. The Form ETA 9089 was not selected by the Department of Labor for an audit, which would have given Smallarc an additional opportunity to explain regarding any issues found by the Department of Labor to exist with the application. *See* 8 C.F.R. § 656.20.

20. On April 6, 2010, the Certifying Officer of the Department of Labor issued a decision (**Exhibit A**) stating that "**Form ETA 9089 has not been certified**." **Exhibit A** at 1. The decision stated as the reason for the denial that "A selection was not made for H.2 of the ETA Form 9089 that asks for the city where the job opportunity will be performed and the application is incomplete." **Exhibit A** at 2. As authority for this denial, the decision indicated: "20 CFR Per 656.17(a) incomplete applications will be denied." *Id*.

21. Smallarc, by its then-counsel, requested reconsideration of the denial. On October 17, 2011, the Certifying Officer indicated that "[t]he employer's request did not overcome the deficiency stated in the determination letter" because of the 20 C.F.R. § 656.17(a) provision regarding incomplete applications and because "the Department's regulations at 20 CFR § 656.11(b) provide that "requests for modifications to an application will not be accepted for applications submitted after July 16, 2007." Since the employer's application was submitted after July 16, 2007, it cannot be modified." **Exhibit B** at 3. Accordingly, the Certifying Officer indicated that the case was being forwarded to BALCA for administrative review.

4

22. On May 19, 2014, BALCA issued a Decision and Order Affirming Denial of Certification. Based on the same provisions at 20 C.F.R. § 656.17(a) and § 656.11(b) cited by the Certifying Officer, as well as an additional provision at 20 C.F.R. § 656.2(b) regarding the burden of proof and one at 20 C.F.R. § 656.24(g) said to be related to the no-modifications provision of § 656.11(b), BALCA upheld the Certifying Officer's decision. BALCA held that

> In the instant case, Section H.2 of the ETA Form 9089, which asks for the city where the job opportunity will be performed, stated "Suite #19." Employer argues it was not given the opportunity to amend its ETA Form 9089. However, 20 C.F.R. § 656.11(b) provides that once an application is filed, requests for modification to the application will not be accepted. Accordingly, we affirm the CO's denial of labor certification.

**Exhibit C** at 2-3.

23. The regulation at 20 C.F.R. § 656.17(a) does indeed state that incomplete applications will be denied, and the regulation at 20 C.F.R. § 656.11(b) does indeed state that requests for modifications to post-2007 applications will be denied. Neither regulation, however, states that applications containing obvious, minor, inadvertent errors will be denied or that such errors may not be corrected.

## V.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Administrative Procedure Act – 5 U.S.C. § 706(2)(A))

24. The Administrative Procedure Act provides that a Court shall

> hold unlawful and set aside agency action, findings, and conclusions found to be—
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right
> . . . [or]
> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute.

5 U.S.C. § 706(2).

25. Plaintiffs restate and re-allege the allegations contained in paragraphs 1 through 23 as though fully set forth herein.

26. Denial of the Form ETA 9089 based on an obvious inadvertent error was arbitrary, capricious, an abuse of discretion, and not in accordance with law.

## SECOND CLAIM FOR RELIEF

### (Administrative Procedure Act – 5 U.S.C. § 706(2)(B))

27. Plaintiffs restate and re-allege the allegations contained in paragraphs 1 through 24 as though fully set forth herein.

28. Plaintiffs had a constitutionally protected interest in the appropriate processing of the approvable Form ETA 9089.

29. Denial of the Form ETA 9089 based on an obvious inadvertent error was a deprivation of due process of law, and so a violation of the Fifth Amendment to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Administrative Procedure Act – 5 U.S.C. § 706(2)(C))

30. Plaintiffs restate and re-allege the allegations contained in paragraphs 1 through 24 as though fully set forth herein.

31. The statutory jurisdiction of the Department of Labor in the context of labor certification is to determine and certify, in the case of "[a]ny alien who seeks to enter the United States for the purpose of performing skilled or unskilled labor", whether

> (I) there are not sufficient workers who are able, willing, qualified . . . and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and

> (II) the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

INA § 212(a)(5)(A)(i), 8 U.S.C. § 1182(a)(5)(A)(i).

32. The existence of a minor inadvertent error in an application for labor certification has no relevance to the determination whether there are "sufficient workers who are able, willing, qualified . . . and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor" or whether "the employment of such alien will not adversely affect the wages and

working conditions of workers in the United States similarly employed," INA § 212(a)(5)(A)(i), 8 U.S.C. § 1182(a)(5)(A)(i).  Accordingly, consideration of such an error by the Department of Labor was in excess of its statutory jurisdiction and authority.

## THIRD CLAIM FOR RELIEF

### (Administrative Procedure Act – 5 U.S.C. § 706(2)(E))

33. Plaintiffs restate and re-allege the allegations contained in paragraphs 1 through 24 as though fully set forth herein.

34. The decision of the Department of Labor to deny the Form ETA 9089 based on an obvious inadvertent error as set out above meant that the denial of the Form ETA 9089 was not supported by substantial evidence.

## VI.   PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs, Vania Mahobia and Amit Thawait, respectfully pray that the Court**:

(a)   Declare unlawful and set aside BALCA's decision to affirm the denial of the Form ETA-9089 application for labor certification filed by Smallarc on behalf of Ms. Mahobia, as well as the underlying decisions of the Certifying Officer of the Department of Labor to deny that application, and remand to the Certifying Officer or in the alternative to BALCA for further proceedings in accordance with this decision;

(b)   Grant such other and further relief at law and in equity as justice may require;

(c)   Grant attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

Respectfully submitted,

 /s/ David A. Isaacson
David A. Isaacson
Cyrus D. Mehta & Partners PLLC
2 Wall Street, 6th Floor
New York, NY  10005
Tel: (212) 425-0555
Fax: (212) 425-3282
Email: disaacson@cyrusmehta.com
Bar No.: NY0281

Dated: December 6, 2018
New York, New York